| | |
|---|---|
| Dennis F. Dunne, Esq.  (*pro hac vice* pending) | Tyler P. Brown, Esq.    (VSB No. 28072) |
| Andrew M. Leblanc, Esq. (*pro hac vice* pending) | Justin F. Paget, Esq.    (VSB No. 77949) |
| Michael W. Price, Esq.  (*pro hac vice* pending) | Jennifer E. Wuebker, Esq. (VSB No. 91184) |
| Lauren C. Doyle, Esq.   (*pro hac vice* pending) | **HUNTON ANDREWS KURTH LLP** |
| **MILBANK LLP** | Riverfront Plaza, East Tower |
| 55 Hudson Yards | 951 East Byrd Street |
| New York, New York 10001 | Richmond, Virginia 23219 |
| Telephone: (212) 530-5000 | Telephone: (804) 788-8200 |
| Facsimile: (212) 530-5219 | Facsimile: (804) 788-8218 |

Thomas R. Kreller, Esq. (*pro hac vice* pending)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER, INC. *et al.*,[1] | ) | Case No. 20-34656 (KRH) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

**INTERIM ORDER: (I) AUTHORIZING
PAYMENT OF PREPETITION OBLIGATIONS
OWED TO TRADE CREDITORS IN THE ORDINARY
COURSE OF BUSINESS; (II) GRANTING ADMINISTRATIVE
EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS ON
ACCOUNT OF OUTSTANDING ORDERS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order: (a) authorizing, but not

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music & Arts Instructor Services, LLC (7811); and AVDG, LLC (4440). The Debtors' service address is 5795 Lindero Canyon Rd., Westlake Village, CA 91362.

directing, the Debtors to pay Trade Claims, in the ordinary course, subject to the procedures and conditions described in the Motion; (b) confirming administrative expense priority status of claims under the Outstanding Orders; and (c) granting certain related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other or further notice need be provided; and upon the record of the hearing held before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted in this interim order (the "Interim Order"); and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on December 17, 2020, at 9:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on December 10, 2020 (the "Objection Deadline"), and served on the Core Group, as defined in the

---

[2] Capitalized terms used but not otherwise defined in this Interim Order shall have the meanings given to them in the Motion.

*Order: (I) Establishing Certain Notice, Case Management, and Administrative Procedures; and (II) Granting Related Relief* [Docket No. 78].

3. If no objections or responses are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to this Court a final order, substantially in the form annexed to the Motion as **Exhibit B**, which may be entered with no further notice or need for the Final Hearing.

4. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay, in the ordinary course of business and consistent with prepetition practice, some or all of the prepetition Trade Claims upon such terms and in the manner provided for in this Interim Order and the Motion.

5. Notwithstanding the foregoing, prior to entry of the Final Order, the amount paid on account of the Trade Claims shall not exceed, in the aggregate, $97.4 million (the "Trade Claims Cap"); *provided, however,* that the Debtors may seek an amendment of this Interim Order to increase the Trade Claims Cap upon three (3) business days' notice filed with the Court; *provided*, *however*, that if there is no objection filed, then the amendment can be approved without a hearing.

6. The Debtors are authorized to seek Customary Trade Terms as a condition to payment of a Trade Claim. Notwithstanding the foregoing, the Debtors' inability to obtain Customary Trade Terms from a particular Trade Claimant shall not preclude them from paying such Trade Claimant's undisputed Trade Claim when, in the exercise of their reasonable business judgment, the Debtors determine that such payment is necessary to their successful reorganization.

7. If a Trade Claimant that has received payment on account of its prepetition Trade Claim pursuant to this Interim Order fails to comply with the applicable Customary Trade Terms, the Debtors may, in their discretion and without further order of the Court, declare that: (a) any payments made on account of the Trade Claim to such Trade Claimant after the Petition Date may, in the Debtors' sole discretion, either be deemed applied to postpetition amounts payable to such Trade Claimant or treated as a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover in cash or in goods from such Trade Claimant (including by setoff against postpetition obligations); or (b) the Trade Claimant shall immediately return the payment without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever, and the Trade Claimant shall be reinstated in such an amount so as to restore the Debtors and the Trade Claimant to their original positions as if the payment to the Trade Claimant had not been made.

8. Nothing in this Interim Order shall impair or prejudice the Debtors' ability to contest, in their discretion, the extent, validity, priority, or amount of any Trade Claim or the validity, perfection, or priority of any lien purportedly securing any such claim. The Debtors expressly reserve all rights to contest the extent, validity, priority, or amount of any Trade Claim or the validity, perfection, or priority of any lien purportedly securing any such claim.

9. All undisputed obligations under the Outstanding Orders are granted administrative expense priority consistent with section 503(b)(1)(A) of the Bankruptcy Code. The Debtors are authorized, but not directed, to pay all undisputed amounts under the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved in this Interim Order are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

11. The Debtors are authorized, but not directed, to issue postpetition checks, and to issue postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the filing of these cases with respect to prepetition amounts owed in connection with the relief granted in this Interim Order.

12. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against any Debtor; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim, on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type described in the Motion; (e) a request or authorization to assume, any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

13. Nothing in this Interim Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Trade Claims.

14. For the avoidance of doubt, between entry of the Interim Order, but pending entry of the final order, the Debtors will not pay any amounts before they come due in accordance with past practice and will not accelerate any postpetition payments, without further order of the Court.

15. For the avoidance of doubt, this Interim Order does not authorize the Debtors to pay prepetition Trade Claims that the Court has otherwise authorized to be paid by a separate order entered during these cases, including, but not limited to, prepetition employees' claims and any prepetition claims of attorneys or other professionals required to be retained pursuant to applications under section 327 of the Bankruptcy Code.

16. Notwithstanding anything to the contrary in this Interim Order, any payment made or action taken by any of the Debtors pursuant to the authority granted in this Interim Order must be in compliance with, and shall be subject to: (i) any interim or final order approving the Debtors' use of cash collateral and/or any postpetition financing facility (in either case, the "DIP Order"); and (ii) the documentation (including the budget) in respect of any such use of cash collateral and/or postpetition financing. To the extent there is any inconsistency between the terms of the DIP Order and this Interim Order, the terms of the DIP Order shall control.

17. The Motion satisfies the requirements of Bankruptcy Rule 6003(b).

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

20. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of points and authorities in connection with this Motion is waived.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated:   November 23, 2020  
Richmond, Virginia

/s/ Kevin R. Huennekens  
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:   November 23, 2020

WE ASK FOR THIS:

*/s/ Jennifer E. Wuebker*
Tyler P. Brown, Esq.         (VSB No. 28072)
Justin F. Paget, Esq.         (VSB No. 77949)
Jennifer E. Wuebker, Esq. (VSB No. 91184)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:         (804) 788-8200
Facsimile:   (804) 788-8218

 - and –

Dennis F. Dunne, Esq.        (*pro hac vice* pending)
Andrew M. Leblanc, Esq. (*pro hac vice* pending)
Michael W. Price, Esq.       (*pro hac vice* pending)
Lauren C. Doyle, Esq.        (*pro hac vice* pending)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219

Thomas R. Kreller, Esq. (*pro hac vice* pending)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## **CERTIFICATION OF ENDORSEMENT**
## **UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/  Jennifer E. Wuebker*