| | |
|---|---|
| Dennis F. Dunne, Esq. (admitted *pro hac vice*) | Tyler P. Brown, Esq. (VSB No. 28072) |
| Andrew M. Leblanc, Esq. (admitted *pro hac vice*) | Justin F. Paget, Esq. (VSB No. 77949) |
| Michael W. Price, Esq. (admitted *pro hac vice*) | Jennifer E. Wuebker, Esq. (VSB No. 91184) |
| Lauren C. Doyle, Esq. (admitted *pro hac vice*) | **HUNTON ANDREWS KURTH LLP** |
| **MILBANK LLP** | Riverfront Plaza, East Tower |
| 55 Hudson Yards | 951 East Byrd Street |
| New York, New York 10001 | Richmond, Virginia 23219 |
| Telephone:     (212) 530-5000 | Telephone:     (804) 788-8200 |
| Facsimile:     (212) 530-5219 | Facsimile:     (804) 788-8218 |

Thomas R. Kreller, Esq.   (admitted *pro hac vice*)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:     (424) 386-4000
Facsimile:     (213) 629-5063

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER, INC. *et al.*,[1] | ) | Case No. 20-34656 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## <u>CERTIFICATE OF COUNSEL</u>

The undersigned hereby certifies that, on December 3, 2020, the above-captioned debtors

and debtors in possession (collectively, the "<u>Debtors</u>") filed the: *Debtors' Application for Entry of*

*an Order: (I) Authorizing the Employment and Retention of KPMG LLP to Provide Audit, Tax*

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music & Arts Instructor Services, LLC (7811); and AVDG, LLC (4440).  The Debtors' service address is 5795 Lindero Canyon Rd., Westlake Village, CA 91362.

*Compliance, and Tax Consulting Services, Effective as of the Petition Date; and (II) Granting*

*Related Relief* [Docket No. 162] (the "KPMG Retention Application").

The undersigned further certifies that the Debtors received informal comments to the

KPMG Retention Application from the Office of the United States Trustee, which comments were

resolved by revisions to the proposed Order annexed as **Exhibit A** to the KPMG Retention

Application.  A revised proposed Order is annexed hereto as **Exhibit A**.  A blackline reflecting the

changes to the proposed Order is annexed hereto as **Exhibit B**.

The undersigned further certifies that, pursuant to the *Notice of Motions and Notice of*

*Hearing* [Docket No. 167] (the "Notice") filed by the Debtors, the deadline to answer, object or

otherwise respond to the KPMG Retention Application was 4:00p.m., prevailing Eastern Time, on

December 14, 2020.  The Notice further specified that, absent a timely answer, objection, or

response, the Court could grant the KPMG Retention Application without a hearing

The undersigned further certifies that she has caused a review of the Court's docket in these

cases and no answer, objection or other responsive pleading to the KPMG Retention Application

appears thereon, and the Debtors have not received any other informal comments to the KPMG

Retention Application.

In accordance with the *Order: (I) Establishing Certain Notice, Case Management, and*

*Administrative Procedures; and (II) Granting Related Relief* [Docket No. 78] (the "Case Management

Order"), the undersigned declares under penalty of perjury that the foregoing is true and correct.

Therefore, pursuant to the Case Management Order and the Notice, the Debtors are

authorized, and intend, to submit the revised proposed Order annexed hereto as **Exhibit A** to the

Court for entry, without further notice or hearing.

Dated:  December 15, 2020
Richmond, Virginia

/s/ Jennifer E. Wuebker
Tyler P. Brown, Esq.        (VSB No. 28072)
Justin F. Paget, Esq.        (VSB No. 77949)
Jennifer E. Wuebker, Esq. (VSB No. 91184)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218
Email:        tpbrown@huntonak.com
              jpaget@huntonak.com
              jwuebker@huntonak.com

-and-

Dennis F. Dunne, Esq.    (admitted *pro hac vice*)
Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq.    (admitted *pro hac vice*)
Lauren C. Doyle, Esq.    (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:        ddunne@milbank.com
              aleblanc@milbank.com
              mprice@milbank.com
              ldoyle@milbank.com

Thomas R. Kreller, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:    (424) 386-4000
Facsimile:    (213) 629-5063
Email:        tkreller@milbank.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## EXHIBIT A

**Revised Order**

Dennis F. Dunne, Esq.     (admitted *pro hac vice*)
Andrew M. Leblanc, Esq.  (admitted *pro hac vice*)
Michael W. Price, Esq.     (admitted *pro hac vice*)
Lauren C. Doyle, Esq.      (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:     (212) 530-5000
Facsimile:     (212) 530-5219

Thomas R. Kreller, Esq.   (admitted *pro hac vice*)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:     (424) 386-4000
Facsimile:     (213) 629-5063

Tyler P. Brown, Esq.       (VSB No. 28072)
Justin F. Paget, Esq.       (VSB No. 77949)
Jennifer E. Wuebker, Esq.  (VSB No. 91184)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:     (804) 788-8218

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER, INC. *et al.*,[1] | ) | Case No. 20-34656 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER: (I) AUTHORIZING EMPLOYMENT AND
RETENTION OF KPMG LLP TO PROVIDE AUDIT, TAX
COMPLIANCE, AND TAX CONSULTING SERVICES, EFFECTIVE
AS OF THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

Upon the application (the "<u>Application</u>")[2] of the above-captioned debtors and debtors in

possession (collectively, the "<u>Debtors</u>") for entry of an order: (a) authorizing the Debtors to retain

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC
Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music
& Arts Instructor Services, LLC (7811); and AVDG, LLC (4440).  The Debtors' service address is 5795 Lindero
Canyon Rd., Westlake Village, CA 91362.

[2]     Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the
Application.

1

and employ KPMG LLP ("KPMG") pursuant to the terms and conditions set forth in the Engagement Letters, effective as of the Petition Date; and (b) granting certain related relief, all as more fully set forth in the Application; and this Court having reviewed the Application, the Hall Declaration, the supplemental declaration of Ryan A. Hall (the "Supplemental Declaration") and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in the Hall Declaration and the Supplemental Declaration, that KPMG (i) does not hold or represent an interest adverse to the Debtors' estates and (ii) is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity to be heard on the relief sought in the Application were appropriate under the circumstances and that no other or further notice need be provided under the circumstances; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted in this order (the "Order"); and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Application is granted as set for in this Order.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ KPMG to provide the services described in the Application,

2

effective as of the Petition Date, pursuant to the terms and subject to the conditions of the

Engagement Letters, as modified by this Order.

3.    The terms of the Engagement Letters, including without limitation the

compensation provisions, are reasonable terms and conditions of employment and are hereby

approved.    The indemnification provisions included in the Engagement Letters and their

attachments are approved, subject to the following:

    a.    KPMG shall not be entitled to indemnification, contribution, or
reimbursement pursuant to the Engagement Letters, unless such
indemnification, contribution, or reimbursement are approved by the Court;

    b.    The Debtors shall have no obligation to indemnify KPMG, or provide
contribution or reimbursement to KPMG, for any claim or expense that is
either: (i) judicially determined (the determination having become final) to
have arisen from KPMG's breach of fiduciary duty (if any such duty exists),
gross negligence, willful misconduct, bad faith, fraud, or self-dealing; (ii)
for a contractual dispute in which the Debtors allege the breach of KPMG's
contractual obligations unless the Court determines that indemnification,
contribution, or reimbursement would be permissible pursuant to *In re
United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior
to a judicial determination as to the exclusions set forth in clauses (i) and
(ii) above, but determined by the Court, after notice and a hearing pursuant
to subparagraph (c) to be a claim or expense for which KPMG should not
receive indemnity, contribution, or reimbursement under the terms of the
Application as modified by this Order; and

    c.    If, before the earlier of: (i) the entry of an order confirming a chapter 11
plan in these cases (that order having become a final order no longer subject
to appeal); and (ii) the entry of an order closing these chapter 11 cases,
KPMG or any of its affiliates believes that it is entitled to the payment of
any amounts by the Debtors on account of the Debtors' indemnification,
contribution, and/or reimbursement obligations under the Application (as
modified by this Order), including, without limitation, the advancement of
defense costs, KPMG must file an application in this Court, and the Debtors
may not pay any such amounts to KPMG before the entry of an order by
this Court approving the payment. This subparagraph (c) is intended only
to specify the period of time under which the Court shall have jurisdiction
over any request for fees and expenses by KPMG or any of its affiliates or
contractors for indemnification, and not as a provision limiting the duration
of the Debtors' obligation to indemnify KPMG or any of its affiliates. All
parties in interest shall retain the right to object to any demand by KPMG
for indemnification, contribution, or reimbursement.

3

4.      KPMG will file fee applications in accordance with the procedures set forth in

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules,

the Fee Guidelines, this Order, any *Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals*, and any other applicable procedures and orders of

this Court, *provided* that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the

Local Bankruptcy Rules, and the Fee Guidelines are hereby modified such that, with respect any

fixed fees contemplated in the Engagement Letters, KPMG's professionals shall only be required

to maintain reasonably detailed time records in one-half hour increments and will submit, with any

monthly, interim, or final fee application, together with the time records, a narrative summary, by

project category, of services rendered, and will identify each professional rendering the services,

and the total amount of compensation sought by KPMG.  With respect to KPMG's hourly fees for

all other services contemplated in the Engagement Letters, KPMG shall keep reasonably detailed

time records in one tenth (1/10) hour increments in accordance with the Fee Guidelines and will

submit, with any interim or final fee application, together with the time records, a narrative

summary, by project category, of services rendered and will identify each professional rendering

services, the category of services rendered, and the total amount of compensation requested by

KPMG.

5.      KPMG's fixed fees contemplated in the Engagement Letters (and any supplemental

engagement letters subsequently approved in these cases) are hereby approved as reasonable and

shall be subject to the standard of review set forth in section 328(a) of the Bankruptcy Code, and

not subject to any other standard of review including the standard of review set forth in section

330 of the Bankruptcy Code, except by the U.S. Trustee.  KPMG's hourly fees pursuant to the

Engagement Letters (and any supplemental engagement letters subsequently approved in these

4

chapter 11 cases) shall be subject to the standard of review set forth in section 330 of the

Bankruptcy Code.  Notwithstanding anything to the contrary in this Order, the U.S. Trustee shall

retain the right and be entitled to object to KPMG's fees and expenses in these cases, including the

fixed fees, on all grounds, including but not limited to on the reasonableness standard provided for

in section 330 of the Bankruptcy Code, and this Order shall not prejudice or otherwise affect the

rights of the U.S. Trustee to challenge the reasonableness of KPMG's compensation and

reimbursement requests in these cases under Bankruptcy Code sections 330 and 331.  Accordingly,

nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding

the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of KPMG's

compensation and reimbursement requests in these cases.

6.      In the event that, during the pendency of these cases, KPMG requests

reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records

from such attorneys shall be included in KPMG's fee applications and such invoices and time

records shall be in compliance with the Local Bankruptcy Rules, the U.S. Trustee Guidelines, and

subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy

Code, without regard to whether such attorney has been retained under section 327 of the

Bankruptcy Code and without regard to whether such attorney's services satisfy section

330(a)(3)(C) of the Bankruptcy Code.  Notwithstanding the foregoing, KPMG shall only be

reimbursed for any legal fees incurred in connection with these cases to the extent permitted under

applicable law and the decisions of this Court.  KPMG shall not seek reimbursement from the

Debtors' estates for any fees incurred in defending any of KPMG's fee applications in these

chapter 11 cases.

7.      To the extent KPMG uses the services of contractors or employees of foreign or domestic affiliates or subsidiaries ("Contractors") in these cases and seeks to pass through the fees and/or costs of the Contractors to the Debtors, KPMG shall: (a) pass through the fees of such Contractors to the Debtors at the same rate that KPMG pays the Contractors; and (b) seek reimbursement for the actual costs of the Contractors only.  In addition, KPMG shall ensure that the Contractors perform conflicts checks and file disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

8.      KPMG shall provide ten (10) business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application are implemented.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.

9.      To the extent the Debtors wish to expand the scope of KPMG's services beyond those set forth in the Engagement Letters, the Debtors shall file notice of any such proposed additional services (the "Proposed Additional Services") and any underlying agreement(s) with this Court and serve such notice on the U.S. Trustee, any official committee appointed in these cases, and any party requesting notice under Bankruptcy Rule 2002.  If no party files an objection within fourteen (14) days of the filing of such notice, the Proposed Additional Services and any underlying engagement agreement(s) may be approved by the Court without further notice or hearing.

10.     KPMG shall use its reasonable efforts to avoid any duplication of services provided by any retained professionals in chapter 11 cases.

11.     KPMG will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, KPMG will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

12.     KPMG shall waive unpaid amounts owed for professional services rendered prior to the Petition Date to the Debtors and shall apply any remaining amounts of its prepetition retainer from the Debtors as a credit toward post-petition fees and expenses for services rendered in these cases, after such post-petition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to KPMG.

13.     To the extent there is any inconsistency between the terms of the Engagement Letters, the Application, the Hall Declaration, the Supplemental Declaration, and this Order, the terms of this Order shall govern.

14.     Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

17.     The Debtors shall comply with the notice requirement set forth in paragraph 4(c) of KPMG's Standard Terms and Conditions for Advisory and Tax Services (the "<u>Standard Terms</u>

and Conditions"), including providing the written notice required prior to disseminating or advancing any of KPMG's advice, recommendations, information, or work product to third parties.

18.     During the pendency of these cases, paragraph 6 of the Standard Terms and Conditions is deleted.

19.     Notwithstanding anything in the Application or the Engagement Letters to the contrary, during the pendency of these cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
Richmond, Virginia

_____
THE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/
_____
Tyler P. Brown        (VSB No. 28072)
Justin F. Paget       (VSB No. 77949)
Jennifer E. Wuebker (VSB No. 91184)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:     (804) 788-8218

- and -

Dennis F. Dunne, Esq.     (admitted *pro hac vice*)
Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq.     (admitted *pro hac vice*)
Lauren C. Doyle, Esq.      (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:     (212) 530-5000
Facsimile:     (212) 530-5219

Thomas R. Kreller, Esq.  (admitted *pro hac vice*)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:     (424) 386-4000
Facsimile:     (213) 629-5063

*Proposed Co-Counsel for Debtors and Debtors in Possession*

SEEN AND NO OBJECTION:

/s/
_____
Nicholas S. Herron, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone: (804) 771-2319

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

 Pursuant to Local Bankruptcy Rule 9022-1(C), I certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_/s/_ _____

10

**<u>EXHIBIT B</u>**

**Blackline of Order**

Dennis F. Dunne, Esq.      (admitted *pro hac vice*)
Andrew M. Leblanc, Esq.  (admitted *pro hac vice*)
Michael W. Price, Esq.      (admitted *pro hac vice*)
Lauren C. Doyle, Esq.      (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:       (212) 530-5000
Facsimile:       (212) 530-5219
Thomas R. Kreller, Esq.   (admitted *pro hac vice*)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:       (424) 386-4000
Facsimile:       (213) 629-5063

Tyler P. Brown, Esq.       (VSB No. 28072)
Justin F. Paget, Esq.       (VSB No. 77949)
Jennifer E. Wuebker, Esq.  (VSB No. 91184)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:       (804) 788-8200
Facsimile:       (804) 788-8218

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GUITAR CENTER, INC. *et al.*,[1] | Case No. 20-34656 (KRH) |
| Debtors. | (Jointly Administered) |

**ORDER: (I) AUTHORIZING EMPLOYMENT AND
RETENTION OF KPMG LLP TO PROVIDE AUDIT, TAX
COMPLIANCE, AND TAX CONSULTING SERVICES, EFFECTIVE
AS OF THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order: (a) authorizing the Debtors to

retain and employ KPMG LLP ("KPMG") pursuant to the terms and conditions set forth in the

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music & Arts Instructor Services, LLC (7811); and AVDG, LLC (4440). The Debtors' service address is 5795 Lindero Canyon Rd., Westlake Village, CA 91362.

[2]   Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Application.

Engagement Letters, effective as of the Petition Date; and (b) granting certain related relief, all as more fully set forth in the Application; and this Court having reviewed the Application, the **Hall** Declaration**, the supplemental declaration** of Ryan A. Hall, **(the "Supplemental Declaration")** and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in the Hall **Declaration and the Supplemental** Declaration, that KPMG (i) does not hold or represent an interest adverse to the Debtors' estates and (ii) is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity to be heard on the relief sought in the Application were appropriate under the circumstances and that no other or further notice need be provided under the circumstances; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted in this order (the "Order"); and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Application is granted as set for in this Order.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ KPMG to provide the services described in the Application, effective as of the Petition Date, pursuant to the terms and subject to the conditions of the Engagement Letters, as modified by this Order.

2

3.     The terms of the Engagement Letters, including without limitation the
compensation provisions, are reasonable terms and conditions of employment and are hereby
approved.   The indemnification provisions included in the Engagement Letters and their
attachments are approved, subject to the following:

    a.    KPMG shall not be entitled to indemnification, contribution, or
reimbursement pursuant to the Engagement Letters, unless such
indemnification, contribution, or reimbursement are approved by the
Court;

    b.    The Debtors shall have no obligation to indemnify KPMG, or provide
contribution or reimbursement to KPMG, for any claim or expense that is
either: (i) judicially determined (the determination having become final) to
have arisen from KPMG's breach of fiduciary duty (if any such duty
exists), gross negligence, willful misconduct, bad faith, fraud, or self-
dealing; (ii) for a contractual dispute in which the Debtors allege the
breach of KPMG's contractual obligations unless the Court determines
that indemnification, contribution, or reimbursement would be permissible
pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003);
or (iii) settled prior to a judicial determination as to the exclusions set
forth in clauses (i) and (ii) above, but determined by the Court, after notice
and a hearing pursuant to subparagraph (c) to be a claim or expense for
which KPMG should not receive indemnity, contribution, or
reimbursement under the terms of the Application as modified by this
Order; and

    c.    If, before the earlier of: (i) the entry of an order confirming a chapter 11
plan in these cases (that order having become a final order no longer
subject to appeal); and (ii) the entry of an order closing these chapter 11
cases, KPMG or any of its affiliates believes that it is entitled to the
payment of any amounts by the Debtors on account of the Debtors'
indemnification, contribution, and/or reimbursement obligations under the
Application (as modified by this Order), including, without limitation, the
advancement of defense costs, KPMG must file an application in this
Court, and the Debtors may not pay any such amounts to KPMG before
the entry of an order by this Court approving the payment. This
subparagraph (c) is intended only to specify the period of time under
which the Court shall have jurisdiction over any request for fees and
expenses by KPMG or any of its affiliates or contractors for
indemnification, and not as a provision limiting the duration of the
Debtors' obligation to indemnify KPMG or any of its affiliates. All parties
in interest shall retain the right to object to any demand by KPMG for
indemnification, contribution, or reimbursement.

4.      KPMG ~~shall~~**will** file ~~monthly, interim, and final~~ fee applications ~~for allowance of compensation for services rendered and reimbursement of expenses incurred~~ in accordance with **the procedures set forth in** sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local **Bankruptcy** Rules, the ~~guidelines of the U.S. Trustee (the "U.S. Trustee~~**Fee** Guidelines"~~)~~**, this Order, any *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals***, and any other applicable ~~orders and~~ procedures **and orders** of this Court~~; *provided*, *however*, that KPMG and its~~ **, *provided* that the requirements** of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, **and the Fee Guidelines are hereby modified such that, with respect any fixed fees contemplated in the Engagement Letters, KPMG's** professionals shall ~~be excused from: (a) the requirement~~**only be required** to maintain ~~or provide~~**reasonably** detailed time records ~~for~~**in one-half hour increments and will submit, with any monthly, interim, or final fee application, together with the time records, a narrative summary, by project category, of** services rendered ~~postpetition; and (b) providing or conforming to any schedule of hourly rates. Instead, notwithstanding that KPMG does not charge for its services on an hourly basis, KPMG will be entitled to maintain time records (in summary format) of the services rendered to the Debtors in half-hour (0.50) increments, setting forth, in summary format, a description of the services rendered and the professionals rendering such services, and will present such records together with its fee applications filed with this Court.~~**, and will identify each professional rendering the services, and the total amount of compensation sought by KPMG.  With respect to KPMG's hourly fees for all other services contemplated in the Engagement Letters, KPMG shall keep reasonably detailed time records in one tenth (1/10) hour increments in accordance with the Fee Guidelines and will submit, with any interim or final fee**

4

**application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by KPMG.**

5.     ~~Notwithstanding the foregoing, the fee applications filed by KPMG~~**KPMG's fixed fees contemplated in the Engagement Letters (and any supplemental engagement letters subsequently approved in these cases) are hereby approved as reasonable and** shall be subject to ~~review only pursuant to~~ the standard **of review** set forth in section 328(a) of the Bankruptcy Code**,** and not **subject to any other standard of review including** the standard **of review** set forth in section 330 of the Bankruptcy Code~~; *provided*, *however*, that~~ **, except by the U.S. Trustee.   KPMG's hourly fees pursuant to the Engagement Letters (and any supplemental engagement letters subsequently approved in these chapter 11 cases) shall be subject to the standard of review set forth in** section 330 of the Bankruptcy Code. **Notwithstanding anything to the contrary in this Order,** the U.S. Trustee shall retain the right ~~to   respond or~~**and be entitled to** object to KPMG's ~~requests for compensation and reimbursement of out-of-pocket~~**fees and** expenses **in these cases, including the fixed fees,** on all grounds, including~~,~~ but not limited to~~,~~ **on the** reasonableness ~~pursuant to~~**standard provided for in** section 330 of the Bankruptcy Code, and ~~the Court retains jurisdiction to consider the U.S. Trustee's response or objection to KPMG's interim and final fee applications on all grounds, including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.~~ ~~Nothing~~ **this Order shall not prejudice or otherwise affect the rights** of the U.S. Trustee **to challenge the reasonableness of KPMG's compensation and reimbursement requests in these cases under Bankruptcy Code sections 330 and 331.   Accordingly, nothing** in this Order or the record ~~relating to this Court's consideration of the Application~~ shall constitute a

finding of fact or conclusion of law binding ~~on~~ the U.S. Trustee**, on appeal or otherwise,** with respect to the reasonableness of KPMG's ~~fees~~**compensation and reimbursement requests in these cases**.

6.    In the event that, during the pendency of these cases, KPMG requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in KPMG's fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, the U.S. Trustee Guidelines, and subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Notwithstanding the foregoing, KPMG shall only be reimbursed for any legal fees incurred in connection with these cases to the extent permitted under applicable law and the decisions of this Court.  ~~For all other services to be provided on an hourly basis that are not included in the fixed fees services, KPMG's retention shall be approved pursuant to section 327(a) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, this Order, and any applicable orders of this Court.  With respect to the services provided on an hourly basis, KPMG will file time records in one-tenth-hour increments.~~**KPMG shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of KPMG's fee applications in these chapter 11 cases.**

7.    To the extent KPMG uses the services of contractors **or employees of foreign or domestic affiliates or subsidiaries** ("Contractors") in these cases and seeks to pass through the fees and/or costs of the Contractors to the Debtors, KPMG shall: (a) pass through the fees of such Contractors to the Debtors at the same rate that KPMG pays the Contractors; and (b) seek

reimbursement for the actual costs of the Contractors only.  In addition, KPMG shall ensure that the Contractors perform conflicts checks and file disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

8.     KPMG shall provide ten (10) business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application are implemented.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.  **The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.**

9.     To the extent the Debtors wish to expand the scope of KPMG's services beyond those set forth in the Engagement Letters, the Debtors shall file notice of any such proposed additional services (the "Proposed Additional Services") and any underlying agreement(s) with this Court and serve such notice on the U.S. Trustee, any official committee appointed in these cases, and any party requesting notice under Bankruptcy Rule 2002.  If no party files an objection within fourteen (14) days of the filing of such notice, the Proposed Additional Services and any underlying engagement agreement(s) may be approved by the Court without further notice or hearing.

10.     KPMG shall use its reasonable efforts to avoid any duplication of services provided by any retained professionals in chapter 11 cases.

**11.     KPMG will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If**

7

**any new relevant facts or relationships are discovered or arise, KPMG will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).**

**12.     KPMG shall waive unpaid amounts owed for professional services rendered prior to the Petition Date to the Debtors and shall apply any remaining amounts of its prepetition retainer from the Debtors as a credit toward post-petition fees and expenses for services rendered in these cases, after such post-petition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to KPMG.**

**13.**     ~~11.~~ To the extent there is any inconsistency between the terms of the Engagement Letters, the Application, the Hall Declaration, **the Supplemental Declaration,** and this Order, the terms of this Order shall govern.

**14.**     ~~12.~~ Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

**15.**     ~~13.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry.

**16.**     ~~14.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

**17.**     ~~15.~~ The Debtors shall comply with the notice requirement set forth in paragraph 4(c) of KPMG's Standard Terms and Conditions for Advisory and Tax Services (the "Standard Terms and Conditions"), including providing the written notice required prior to disseminating or advancing any of KPMG's advice, recommendations, information, or work product to third parties.

8

**18.** ~~16.~~ During the pendency of these cases, paragraph 6 of the Standard Terms and Conditions is deleted.

**19.** ~~17.~~ Notwithstanding anything in the Application or the Engagement Letters to the contrary, during the pendency of these cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

**20.** ~~18.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020

Richmond, Virginia                          THE HONORABLE KEVIN R. HUENNEKENS
                                            UNITED STATES BANKRUPTCY JUDGE

9

WE ASK FOR THIS:

/s/

**Tyler P. Brown          (VSB No. 28072)**
**Justin F. Paget          (VSB No. 77949)**
**Jennifer E. Wuebker (VSB No. 91184)**
**HUNTON ANDREWS KURTH LLP**
**Riverfront Plaza, East Tower**
**951 East Byrd Street**
**Richmond, Virginia 23219**
**Telephone:     (804) 788-8200**
**Facsimile:      (804) 788-8218**

**- and -**

**Dennis F. Dunne, Esq.     (admitted *pro hac***
***vice*)**
**Andrew M. Leblanc, Esq. (admitted *pro hac***
***vice*)**
**Michael W. Price, Esq.     (admitted *pro hac***
***vice*)**
**Lauren C. Doyle, Esq.     (admitted *pro hac***
***vice*)**
**MILBANK LLP**
**55 Hudson Yards**
**New York, New York 10001**
**Telephone:     (212) 530-5000**
**Facsimile:     (212) 530-5219**
**Thomas R. Kreller, Esq.  (admitted *pro hac vice*)**
**MILBANK LLP**
**2029 Century Park East**
**33rd Floor**
**Los Angeles, California 90067**
**Telephone:     (424) 386-4000**
**Facsimile:     (213) 629-5063**

*Proposed Co-Counsel for Debtors and Debtors in Possession*

~~/s/ [DRAFT]~~
~~Tyler P. Brown, Esq.      (VSB No. 28072)~~
~~Justin F. Paget, Esq.      (VSB No. 77949)~~
~~Jennifer E. Wuebker, Esq. (VSB No. 91184)~~
~~**HUNTON ANDREWS KURTH LLP**~~
~~Riverfront Plaza, East Tower~~
~~951 East Byrd Street~~
~~Richmond, Virginia 23219~~

Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218

- and -

Dennis F. Dunne, Esq.    (admitted *pro hac vice*)
Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq.    (admitted *pro hac vice*)
Lauren C. Doyle, Esq.    (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Thomas R. Kreller, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:    (424) 386-4000
Facsimile:    (213) 629-5063

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**SEEN AND NO OBJECTION:**

/s/
**Nicholas S. Herron, Esq.**
**Office of the U.S. Trustee**
**701 East Broad Street, Suite 4304**
**Richmond, VA 23219**
**Telephone: (804) 771-2319**

## CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/  [DRAFT]